UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 13-213-KSF

ENOLA STRODE                                                                                PLAINTIFF

v.                                          **OPINION & ORDER**

GENERAL MOTORS, LLC,
TOYOTA MOTOR ENGINEERING &
MANUFACTURING NORTH AMERICA, INC.,
NEW UNITED MOTOR MANUFACTURING, INC.,
and UNKNOWN DEFENDANTS                                                DEFENDANTS

* * * * * * * * * *

Pursuant to the Court's Order [DE #5], Defendants, New United Motor Manufacturing, Inc.

("NUMMI"), General Motors, LLC ("GM") and Toyota Motor Engineering & Manufacturing North

America, Inc. ("TEMA")(collectively "Defendants") have filed their brief addressing the Court's

subject matter jurisdiction over this action and the issue of whether or not Plaintiff, Enola Strode,

fraudulently joined TEMA in order to defeat diversity jurisdiction.  Also pending before this Court

is Plaintiff's motion to remand this matter to state court [DE #12].  For the reasons set forth below,

the Court finds that Plaintiff's complaint states a colorable claim against TEMA.  As both Plaintiff

and TEMA are citizens of the Commonwealth of Kentucky, diversity is not complete, thus this Court

does not have jurisdiction over this case.  Accordingly, Plaintiff's motion to remand will be granted.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

This products liability action was filed by Plaintiff, a citizen of the Commonwealth of

Kentucky, in Fayette Circuit Court on April 12, 2013 against Defendants NUMMI, TEMA and GM

[DE #1-1]. Plaintiff alleges that she was injured when the driver's side air bag exploded unexpectedly in a 1994 Geo Prizm she was driving. Plaintiff's complaint alleges that GM and TEMA manufacture automobiles and their component parts for sale to the public in Kentucky, particularly the 1994 Geo Prizm vehicle owned by Plaintiff. Plaintiff further alleges that NUMMI is an entity owned by GM and TEMA or their subsidiaries and that it also manufactures automobiles and their component parts, particularly the 1994 Geo Prizm owned by Plaintiff.

On July 5, 2013, NUMMI filed its Notice of Removal with this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 [DE #1]. In the Notice, NUMMI states that neither NUMMI nor GM are citizens of the Commonwealth of Kentucky [*Id.*]. The Notice further states that, although TEMA is a Kentucky corporation with its principal place of business in the Commonwealth of Kentucky, the joinder of TEMA is fraudulent and its citizenship should be disregarded for purposes of ascertaining the existence of diversity jurisdiction [*Id.*]. However, as the Notice of Removal gave incomplete information regarding the citizenship of GM. On July 17, 2013, the Court entered an Order, *sua sponte*, requiring the Defendants to file a brief within twenty-one days addressing the Court's subject matter jurisdiction, including the citizenship of GM and NUMMI's allegations of fraudulent joinder [DE #5].[1] The Order further allowed for a response by Plaintiff and a reply by Defendants [*Id.*]. After the Court granted a joint motion for extension of time, Defendants' brief was filed on August 21, 2013 [DE #9]. After seeking another extension of time, Plaintiff filed her response to Defendant's brief, styled as a Motion to Remand [DE #12]. Thereafter, Defendants filed

---

[1]Specifically, the Notice states that Defendant, General Motors, LLC, is a citizen of the States of Delaware and Michigan, as it was incorporated in Delaware and has its principal place of business in the State of Michigan. However, as an LLC, GM has the citizenship of each of its members. *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). Accordingly, the Court requested information regarding the citizenship of GM's members. This information was provided by Defendants in their August 21, 2013 brief [DE #9]. For purposes of this motion, it is sufficient to note that none of the members of GM are citizens of the Commonwealth of Kentucky.

a response in opposition to Plaintiff's motion [DE #13]. Accordingly, this matter is ripe for review.

## II.    ANALYSIS

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). District courts have original jurisdiction over civil actions that arise under federal law, *see* 28 U.S.C. § 1331, or that involve parties of diverse citizenship and at least $75,000 in controversy, *see* 28 U.S.C. § 1332(a). However, "[a] district court must remand a removed action when it appears that the court lacks subject matter jurisdiction." *Anusbigian v. Trugreen/Chemlawn, Inc.*, 72 F.3d 1253, 1254 (6th Cir. 1996)(citing 28 U.S.C. § 1447(c). The party seeking removal bears the burden of demonstrating that the district court has original jurisdiction, and the removal statute "'should be strictly construed and all doubts resolved in favor of remand.'" *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006)(quoting *Brown v. Francis*, 75 F.3d 860, 864-65 (3d Cir. 1996)).

Here, NUMMI's Notice of Removal contends that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as there is diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. In order for diversity jurisdiction to exist, the parties must be completely diverse, meaning that all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation. *Coyne v. American Tobacco Co.*, 183 F.3d 488, 492-493 (6th Cir. 1999)(citations omitted). Here, Plaintiff, a citizen of Kentucky, filed this action in state court. Because TEMA is also a citizen of Kentucky, complete diversity of citizenship does not exist under 28 U.S.C. § 1332.

3

However, NUMMI contends that TEMA's citizenship should be disregarded for purposes of determining the existence of diversity jurisdiction, as TEMA was fraudulently joined as a defendant in this lawsuit. It is well-established in the Sixth Circuit that "fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds." *Coyne*, 183 F.3d at 493. To prove fraudulent joinder, the removing party has the burden of presenting sufficient evidence that a plaintiff could not establish a cause of action against non-diverse defendants under state law. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 948-949 (6th Cir. 1994). "However, if there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court." *Coyne*, 183 F.3d at 493.

Thus, the question before the Court is not whether Plaintiff will prevail at trial on her claims against TEMA. The question is not even whether the Court believes that TEMA was, in fact, joined to defeat diversity. The question is whether, resolving all ambiguities in favor of Plaintiff, Defendants have shown that there is no colorable basis for predicting that Plaintiff could prevail in state court. *See Anderson v. Merck & Co. Inc.*, 417 F.Supp.2d 842, 845 (E.D.Ky.2006)(citing *Jerome-Duncan, Inc. v. Auto-by-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999)). A claim is colorable if "there is arguably a reasonable basis for predicting that state law might impose liability on the facts involved." *Alexander*, 13 F.3d at 949. In this inquiry, courts will resolve any disputed questions of fact or ambiguities of applicable state law in favor of the plaintiff. *Coyne*, 183 F.3d at 493. Moreover, "[a]ll doubts as to the propriety of removal are resolved in favor of remand." *Id*.

"When deciding a motion to remand, including fraudulent joinder allegations, [the court applies] a test similar to, but more lenient than, the analysis applicable to a Rule 12(b)(6) motion to dismiss." *See Casias v. Wal–Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir.2012). "As appropriate,

4

[the court] may 'pierce the pleading' and consider summary judgment evidence, such as affidavits presented by the parties." *Id*. However, "[t]he court may look to material outside the pleadings for the limited purpose of determining whether there are 'undisputed facts that negate the claim.'" *Id.* (quoting *Walker v. Philip Morris USA, Inc.*, 443 Fed.Appx. 946, 955-56 (6th Cir. 2011)).

In support of its argument that TEMA has been fraudulently joined as a defendant, NUMMI submits an affidavit from David Mince, the General Manager of Accounting and Finance at TEMA, that states that neither TEMA nor its predecessors manufactured or sold the 1994 Geo Prizm at issue in this case [DE #1-8]. Mince's affidavit further states that neither TEMA nor its predecessors were involved in the design, development, testing, assembly, manufacture, sale, distribution, marketing, or advertising of any of the 1994 Geo Prizm components at issue in this case based upon the allegations of Plaintiff's complaint [*Id*.]. Accordingly, Defendants argue that Plaintiff cannot recover from TEMA on her negligence or strict liability claims under Kentucky law, as those claims require proof that TEMA was the manufacturer or seller of the subject vehicle. *Dealers Trans. Co. v. Battery Dist. Co.*, 402 S.W.2d 441 (Ky. 1965). Defendants further argue that Plaintiff cannot recover from TEMA on her breach of warranty claim under Kentucky law, as that claim requires proof that Plaintiff is in privity of contract with TEMA. *Compex International Co., Ltd. v. Taylor*, 209 S.W.3d 462, 465 (Ky. 2006). Thus, according to Defendants, there is no reasonable basis for believing that state law would impose liability on TEMA. Accordingly, Defendants argue that TEMA was fraudulently joined and its citizenship should be disregarded for purposes of determining the existence of diversity of citizenship in this case.

In response, Plaintiff denies that TEMA was fraudulently joined as a Defendant in this lawsuit. Rather, according to Plaintiff, TEMA is potentially liable as a part-owner of NUMMI, a

joint venture between GM and TEMA. Plaintiff alleges that her 1994 Geo Prizm appears to have been manufactured for GM at the NUMMI plant. Plaintiff further alleges that, as NUMMI is no longer operating, there may be grounds to pierce the corporate veil. Plaintiff argues that, "as the half owner of the now defunct NUMMI, Toyota certainly has liability for the product its company produced and certainly was involved in the manufacturing processes and design, if not the supplying of parts" [DE #12-1]. As evidence of Plaintiff's allegations regarding TEMA's involvement in NUMMI and, potentially, in the design, manufacture and/or sale of her vehicle, Plaintiff relies solely on copies of NUMMI's Wikipedia and LinkIn pages [DE #12-2, 12-3]. Both of these pages state that NUMMI was opened as a joint venture between GM and Toyota to manufacture vehicles to be sold under both brands. However, putting aside any credibility concerns related to reliance on Wikipedia and LinkIn pages as evidence (of which this Court has many), both of these pages appear to refer to Toyota Motor Corp., a foreign corporation, not TEMA. Regardless, it is clear that Plaintiff disputes that TEMA had no involvement with the design, manufacture and/or sale of Plaintiff's vehicle, whether or not the evidence she cites supports her assertion.

Understandably, Defendants attack the factual accuracy of Plaintiff's assertions and argue that Plaintiff's motion to remand must be denied because she fails to rebut Defendants' proof that there is no reasonable basis for imposing liability on TEMA. However, while Defendants may be right about the facts - indeed, the Court strongly suspects that they are - in order to evaluate the factual accuracy of Plaintiff's allegations regarding TEMA, this Court first must have jurisdiction over the case. Although Defendant cites authority from other Circuits that this Court should resolve this matter as it would a motion for summary judgment, the law in this Circuit is clear that the Court may only look to matters outside the pleadings to determine whether there are undisputed facts that

negate Plaintiff's claims.  *Casias*, 695 F.3d at 433.  Here, the facts on which Defendants rely in arguing that a colorable claim has not been asserted against TEMA are TEMA's assertions that it did not manufacture, design or sell the 1994 Geo Prizm at issue in this case.  However, Plaintiff has made it clear that she disputes the truth of these assertions.  Thus, tempting as it may be, the Court cannot conclude that the affidavit submitted by Defendant establishes an "undisputed fact" that negates Plaintiff's claims against TEMA.  Although Plaintiff's evidence regarding TEMA's involvement with her vehicle may be thin, the Court cannot conclude that TEMA has no involvement here.  While Defendants may perceive this as unfair, it would also be unfair to essentially dismiss TEMA as a defendant based solely on a self-serving affidavit from a TEMA employee stating Plaintiff's factual allegations are wrong and it had nothing to do with the case, particularly when there has been no discovery.

Fraudulent joinder applies to permit removal in situations where a party has failed to state a legally cognizable claim against a non-diverse opposing party.  Here, there are disputed facts that must be resolved before a determination may be made as to whether Plaintiff has stated legally cognizable claims against TEMA.  However, because Plaintiff and TEMA are both citizens of the Commonwealth of Kentucky, this Court does not have jurisdiction over the matter and, accordingly, has no power to resolve this factual dispute.  Rather, this determination must be made by the state court.  Accordingly, Plaintiff's motion to remand the case to the Fayette Circuit Court will be granted.

## IV.  CONCLUSION

For the reasons set forth above, and the Court being fully and sufficiently advised, the Court hereby **ORDERS** as follows:

(1)     Plaintiff's motion to remand [DE #12] is **GRANTED**;

(2)     this case is hereby **REMANDED** to the Circuit Court of Fayette County, Kentucky;

(3)     the Clerk is **DIRECTED** to mail a certified copy of this Order of remand to the Fayette Circuit Court Clerk; and

(4)     this matter shall be **STRICKEN** from the Court's active docket.

Dated this 21st day of March, 2014.

*Karen K. Caldwell*

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY